FILED
JAMES BONINI
CLERK

2010 MAR 26 PM 2:26

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV DAYTON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON, OHIO

| | |
|---|---|
| **ALBERT SHAMBURGER** <br> 4129 JENERA LANE <br> HUBER HEIGHTS, OH 45424 <br><br> PLAINTIFF, <br><br> V. <br><br> **CENTRAL STATE UNIVERSITY** <br> 1400 BRUSH ROW ROAD <br> WILBERFORCE, OH 45384 <br><br> DEFENDANT. | CASE NO. 3 : 1 0 cv 115 <br><br> JUDGE THOMAS M. ROSE <br> MICHAEL R. MERZ <br><br> **COMPLAINT WITH JURY DEMAND** |

## PRELIMINARY INFORMATION

This is an action for damages and injunctive relief to redress the injuries Defendant has caused Plaintiff when Defendant terminated Plaintiff's employment without providing him a pre-termination or post-termination hearing, thereby depriving, under the color of state law, his rights to liberty, as well as procedural and substantive due process as secured by O.R.C. § 124.34, Article I Sec. 16 of the Ohio Constitution, the Fourteenth Amendment of the

1

Constitution of the United States, and 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## I. THE PARTIES

1. Plaintiff, Albert Shamburger, is a citizen of the State of Ohio and the United States. Plaintiff resides in Montgomery County, Ohio.

2. Defendant is a state university under O.R.C. § 3343 and employer under O.R.C. §§ 4112.01. Defendant is a political subdivision of the State of Ohio.

3. Plaintiff's claims arose and all relevant events occurred within Greene County, Ohio.

## II. FACTUAL BACKGROUND

4. At all times relevant to this action, Plaintiff was employed by Defendant as a LSC Supervisor. Plaintiff's position was a permanent, full-time position governed by an employment contract. A copy of his 2008-2009 contract which is substantially equivalent to his 2007-2008 contract is attached hereto as Exhibit A.

5. Plaintiff was a classified employee pursuant to O.R.C. § 124.11 and had a property interest in continued employment with Defendant.

6. On or about March 27, 2008, Plaintiff's employment was terminated via the letter which is attached hereto as Exhibit B. Plaintiff was accused of violating Defendant's Business Services Policy 508 by accepting a package for an individual unrelated to Defendant resulting in negative publicity for Defendant.

2

7. Plaintiff was not given a pre-termination hearing to respond to the allegations contained in Exhibit A or advised of any post-termination rights to a hearing before the Ohio State Personnel Board of Review.

8. Plaintiff was not provided a copy of Defendant's employment policies at any time during the course of his employment with Defendant. Plaintiff was not advised that it was against Defendant's policies to accept packages for individuals not related to Defendant. Plaintiff was directed to accept all packages addressed to 1400 Brush Row Road, Wilberforce, Ohio.

9. Plaintiff was arbitrarily deprived of his property interest in his salary and liberty interest in clearing his name.

10. Defendant did not have just cause to terminate Plaintiff's employment pursuant to O.R.C. § 124.34 or Defendant's employment policies. Attached hereto as Exhibits C, D, and E are copies of Defendant's Corrective Action Policies.

11. Plaintiff's actions pertaining to receipt and delivery of the package at issue in his discharge were in accordance with Defendant's past practices and directive of accepting all packages sent to Defendant's address.

12. Said directive was communicated to Plaintiff by Rick Henderson, who is Defendant's Purchasing and Logistics Director and Plaintiff's supervisor.

13. As a direct and proximate result of Defendant unlawfully denying Plaintiff due process and terminating Plaintiff's employment, he has

suffered injuries in the form of loss of earnings and benefits, damage to his personal and professional reputation, and other damages.

14. The actions of Defendant were wanton and malicious and/or in reckless disregard for Plaintiff's constitutional, statutory, and common law rights under the laws of Ohio and the United States.

### III CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

15. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 14, as if fully rewritten herein.

16. The actions of Defendant constitute a violation of the Plaintiff's liberty interests and rights to substantive and procedural due process under O.R.C. § 124.34.

### SECOND CLAIM FOR RELIEF

17. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 16, as if fully rewritten herein.

18. The actions of Defendants constitute a violation of the Plaintiff's liberty interests and rights to substantive and procedural due process under Article I Sec. 16 of the Ohio Constitution.

### THIRD CLAIM FOR RELIEF

19. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 18, as if fully rewritten herein.

20. The actions of Defendant constitute a violation of the Plaintiff's liberty interests and rights to substantive and procedural due process under the Fourteenth Amendment of the Constitution of the United States.

## FOURTH CLAIM FOR RELIEF

21. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 20, as if fully rewritten herein.

22. The actions of Defendant constitute a violation of the Plaintiff's liberty interests and rights to substantive and procedural due process under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    A. Special, compensatory and punitive damages in an amount exceeding $75,000.00;

    B. Reasonable attorney fees and costs of suit;

    C. Reinstatement to the position of LSC Supervisor with full benefits and payment of all lost wages; and

    D. Appropriate equitable relief.

Respectfully submitted,

/s Jason P. Matthews

Jeffrey M. Silverstein - #0016948
Jason P. Matthews-#0073144
Jeffrey M. Silverstein & Associates
627 S. Edwin C. Moses Blvd.
Suite 2-C
Dayton, OH 45417
T. (937) 228-3731 F. (937) 228-2252
jeff@silversteinlaw.com
jason@silversteinlaw.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

/s Jason P. Matthews

Jason P. Matthews